Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000470
21-JUN-2024
08:16 AM
Dkt. 116 SO

NO. CAAP-19-0000470


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MOLOAA FARMS LLC, a Hawaiʻi limited liability company,
Plaintiff-Appellant, v.
GREEN ENERGY TEAM LLC, a Hawaiʻi limited liability company,
Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC141000188)


SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Moloaa Farms LLC (**Moloaa**) appeals from the Circuit Court of the Fifth Circuit's[1] June 24, 2019 amended final judgment in favor of Defendant-Appellee Green Energy Team LLC (**Green Energy**).  On appeal, Moloaa contends the circuit court erred in granting Green Energy's Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 52(c)[2] motion for judgment on partial

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

[2]  HRCP Rule 52(c) provides:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on
> (continued . . .)

findings, which the parties and the circuit court referred to as a motion for directed verdict.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Moloaa's arguments as discussed below.

Conclusions of law in an HRCP Rule 52(c) directed verdict bench trial are reviewed de novo. Furuya v. Ass'n of Apartment Owners of Pac. Monarch, Inc., 137 Hawaiʻi 371, 383, 375 P.3d 150, 162 (2016). And, "[a]s a general rule, the construction and legal effect to be given a contract is a

---

(. . . continued)
> that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

[3] Moloaa raises 100 points of error challenging certain findings and conclusions in the circuit court's March 5, 2019 "Final Findings of Fact, Conclusions of Law and Order Granting [Green Energy's] Motion for Directed Verdict Against [Moloaa] After Jury-Waived Trial." Moloaa does not provide corresponding arguments in the argument section of its opening brief for each of the 100 points of error, but instead addresses these findings and conclusions in the context of its arguments on appeal. See Hawaiʻi Rules of Appellate Procedure Rule 28(b). We address the challenged findings and conclusions in the same manner.

Moloaa also argues the circuit court erred in concluding it acted in bad faith, failed to mitigate its damages, breached the Option Agreement, and was estopped from enforcing the lease. However, based on our decision below, we need not reach these arguments.

We do not consider Appendix B of the answering brief because it was not included in the record on appeal and there was no request for judicial notice.

question of law" reviewed de novo. Kahawaiolaa v. Hawaiian Sun Invs., Inc., 146 Hawaiʻi 424, 432, 463 P.3d 1081, 1089 (2020) (citation omitted); see generally, Clarabal v. Dep't of Educ., 145 Hawaiʻi 69, 79, 446 P.3d 986, 996 (2019) (noting questions of law are reviewed de novo).

The "OPTION TO LEASE AGREEMENT" (**Option Agreement**) gave Green Energy an option to lease almost 600 acres (the **Property**) from Moloaa. Attached to the Option Agreement was the "LEASE" (**Proposed Lease**) that would take effect if Green Energy exercised its option to lease the Property.

**(1)** Moloaa argues the "essential terms were agreed upon as set forth in the [Option Agreement] and the Companion Recorded Documents." The parties agree the Proposed Lease did not contain an effective date or set the Biomass prices for the Percentage Rent provisions.

**(a) Effective date.** Section (2)(c) of the Option Agreement determined the effective date. Once the option to lease is timely exercised, "Optionor agrees to lease the Property to Optionee, on or before the date that is (30) days after Optionor's receipt of the Exercise Notice, and the Parties shall thereupon execute the Lease, which shall enter into effect on the effective date stated in the Lease." Thus, the Proposed Lease would become effective on the thirtieth day after Moloaa received the notice to exercise the option to lease, or earlier

3

if Moloaa signed the Proposed Lease sooner than thirty days after it received Green Energy's notice.  Because the effective date was set without further negotiation, the missing date did not render the Proposed Lease unenforceable.  See generally, In re Sing Chong Co., 1 Haw. App. 236, 239-40, 617 P.2d 578, 581 (1980).

**(b)  Biomass prices**.  The Proposed Lease did not contain Biomass prices to be applied to bone dry tons harvested to calculate Percentage Rent.  It is ambiguous whether that meant no percentage rent was to be paid, or the Biomass prices were subject to negotiation.  Parol evidence is admissible to resolve that ambiguity.  See generally, Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawaiʻi 36, 45-46, 305 P.3d 452, 461-62 (2013).  Moloaa's sole owner and manager, Jeffrey Lindner (**Lindner**), testified he did not negotiate for Percentage Rent and did not expect to be paid Percentage Rent:

- "[t]here was absolutely no discussion ever about percentage rents";

- "I never had any expectation of percentage rent.  We never talked about it.  I never included it in my negotiation";

- "I never expected any percentage rent, but yes, it is blank.  In my mind, you know, Green Energy Team gets off not having to pay me.  That's all it is";

- "That's why I never negotiated anything.  I expected nothing, and, . . . if other people didn't fill it in . . . I would think the interpretation would be

4

that it would be -- it would be zero.  If there's
nothing in there, it would be zero and . . . I
didn't expect it and I don't expect it now"; and

- the percentage rent section was "superfluous".

Exhibit J-6 is consistent with Lindner's testimony. It shows the Percentage Rent provision was a remnant from a lease Green Energy's attorney had prepared for Green Energy and Hawaiian Mahogany Inc., and was used as a form for the Proposed Lease.  It also shows Lindner negotiated only the amounts he wanted Moloaa to be paid for the option and for Annual Base Rent.

Thus, the blanks in the Percentage Rent provision do not support a finding or conclusion that further negotiation over the essential terms of the Proposed Lease was required, or that the Proposed Lease was unenforceable once Green Energy gave timely notice it was exercising its option to lease.

**(2)** Next, Moloaa argues the circuit court erred in concluding "the parties did not intend to be bound by the Proposed Lease attached to the" Option Agreement.  (Formatting altered.)

The parties' subjective intent is irrelevant because the Option Agreement contained an integration provision stating it "shall not be amended, modified or discharged, nor may any of its terms be waived, except by an instrument in writing signed by the Parties."  It clearly stated the attached Proposed Lease

5

will take effect "on or before the date that is (30) days after [Moloaa]'s receipt of the Exercise Notice, and the Parties shall thereupon execute the Lease[.]"  The Option Agreement did not allow modification of the Proposed Lease (which also contained an integration provision).  Whatever the parties' subjective intent may have been before the Option Agreement was executed, once it was executed the parties were bound by its unambiguous terms.  Parol evidence of the parties' subjective intent is not admissible to contradict these unambiguous terms.  See, e.g., Trs. of Est. of Bishop v. Au, 141 Hawaiʻi 248, 407 P.3d 1284, CAAP-15-0000466, 2017 WL 6614566, at *2 (App. Dec. 22, 2017) (SDO) (noting the integration clause in a settlement agreement precluded admissibility of parol evidence to contradict its express terms).

We hold the circuit court erred in finding and concluding the Proposed Lease lacked sufficiently definite terms and Moloaa and Green Energy did not intend to be bound by the Proposed Lease should the option to lease be invoked.  We need not address Moloaa's other arguments.  We do not decide whether Exhibit J-21 (which the circuit court referred to as the "Purported Lease") is valid or binding, or any other legal issue not specifically addressed in this summary disposition order.

The circuit court erred in granting Green Energy's HRCP Rule 52(c) motion for judgment on partial findings.  We

therefore vacate the March 5, 2019 "Final Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion for Directed Verdict Against Plaintiff After Jury-Waived Trial," the May 30, 2019 "Order Granting in Part and Denying in Part Defendant Green Energy Team LLC's Motion for Award of Attorneys' Fees and Costs re Granting of Defendant's Motion for Directed Verdict Against Plaintiff After Jury-Waived Trial on January 25, 2019, Filed March 19, 2019," and the June 24, 2019 "Amended Final Judgment in Favor of Defendant Green Energy Team LLC and Against Plaintiff Moloaa Farms LLC," and remand for resumption of trial.

DATED:  Honolulu, Hawaiʻi, June 21, 2024.

On the briefs:

George W. Van Buren,
John B. Shimizu,
Robert H. Shimizu,
(Van Buren & Shimizu),
for Plaintiff-Appellant.

William M. Harstad,
Lindsay N. McAneeley,
Derek B. Simon,
(Carlsmith Ball),
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge